**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**--------------------------------------------------------X**

In re

       **Lynn A. Martino,**                   **Chapter 7**
                                                               **Case No. 1-09-42480-jf**

                **Debtor.**

**--------------------------------------------------------X**

**Anthony Ubriaco,**

                **Plaintiff.**

       **- against-**                      **Adv. Pro. No. 1-09-01279-jf**

**Lynn A. Martino,**

                **Defendant.**
**--------------------------------------------------------X**

<u>DECISION AND ORDER GRANTING
MOTION TO DISMISS FOR A FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED</u>

<u>APPEARANCES</u>:

**Anthony Ubriaco**
**442 Vernon Avenue**
**Staten Island, N.Y. 10309**

**Paul Hollender, Esq.**
**Corash & Hollender, PC**
**1200 South Avenue, Suite 201**
**Staten Island, N.Y. 10314**
**Attorney for Defendant**

Anthony Ubriaco commenced this adversary proceeding against Lynn A. Martino, the debtor/defendant, seeking a determination that a pre-petition state court judgment obtained by him against Ms. Martino is nondischargeable. Presently before the Court is Ms. Martino's motion to dismiss the adversary proceeding ("Motion to Dismiss") pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6), contending that Mr. Ubriaco's complaint failed to state a claim upon which the requested relief can be granted. Specifically, Ms. Martino avers that Mr. Ubriaco's complaint failed to specify the law and allege facts upon which the nondischargeability claim is based.

Upon review of the complaint, the Motion to Dismiss, Mr. Ubriaco's affidavit in opposition, and Ms. Martino's reply to Mr. Ubriaco's opposition, and after hearing oral argument, the Court concludes that the complaint should be dismissed. The complaint, even when read in a light most favorable to Mr. Ubriaco, is devoid of any legal or factual foundation on which an entitlement to relief can rest. Accordingly, Ms. Martino's Motion to Dismiss is granted.

## I.

This adversary proceeding arises out of a longstanding litigious and rancorous dispute between siblings and their respective interests as remaindermen in their familial home.[1] The dispute began shortly after the property's sale by Ms. Martino in January 2005. Ms. Martino retained the entire proceeds of the sale. Mr. Ubriaco claimed a right to a portion of the proceeds.

---

[1] On January 3, 2000, the parties' father conveyed by deed a life tenancy in his home to himself, with equal remainder interests to his children, Ms. Martino and Mr. Ubriaco. On January 3, 2000, Ms. Martino, Mr. Ubriaco and their father also entered into an agreement that if the property was sold, Ms. Martino would first be paid $60,000 for improvements she made to the property, with the remaining net proceeds to be split equally between Ms. Martino and Mr. Ubriaco. In September 2000, for some disputed reason, Mr. Ubriaco and his father conveyed the property to Ms. Martino in fee simple. The father died in 2002. *See* ECF Docket Number 6, Exhibit "D".

On or about April 1, 2005, Mr. Ubriaco commenced a lawsuit against his sister, Ms. Martino, in the Supreme Court of the State of New York, County of Richmond ("State Court"). At issue in the lawsuit, was whether an earlier transfer of the property by Mr. Ubriaco and his father to Ms. Martino was solely for the purpose of facilitating a refinance of the mortgage or an outright transfer of ownership. On June 27, 2008, the State Court, after a trial, issued a decision in which it found that the property transfer was an accommodation for refinancing and that Ms. Martino breached an agreement requiring that the proceeds from the sale of the property be shared with Mr. Ubriaco. ECF Docket Number 6, Exhibit "D". The State Court entered a judgment in Mr. Ubriaco's favor in the amount of $321,299, representing the sum owed to him from the property sale.

Some nine months later, on March 31, 2009, Ms. Martino filed a petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"). Mr. Ubriaco commenced the instant adversary proceeding, *pro se*, seeking to except the judgment from discharge. The three page complaint is most conspicuous in its misreading of the State Court decision, pronouncements of Mr. Ubriaco's need for money, manifestations of his anger with Ms. Martino's conduct and concludes with the following prayer for relief:

> This Honorable and Respected Court should not be innocently used as a vehicle to further aid and assist my sister in her willful ways. I respectfully request that this court allows [sic] me, an aggrieved person to preserve [my] judgment and permit [me] to continue to seek some measure of justice in the collection of the judgment from the not so innocent debtor, Lynn Martino.

ECF Docket Number 1, at 3. Ms. Martino filed an answer in which she admitted that a State Court judgment had been entered against her, but denied all other allegations in the complaint. As part of her affirmative defenses, Ms. Martino asserted that (1) Mr. Ubriaco lacked standing and (2) Mr. Ubriaco failed to state a claim. Ms. Martino subsequently filed the Motion to

Dismiss based upon her affirmative defenses. At oral argument, counsel for Ms. Martino withdrew the portion of the Motion to Dismiss based upon lack of standing and proceeded only on the second ground. Accordingly, we address only the merits of whether Mr. Ubriaco's complaint states a claim upon which relief can be granted.

## II.

Bankruptcy relief embodies a policy of freeing a debtor from financial burdens so as to allow an unencumbered fresh start. The discharge is the vehicle that enables the debtor to start anew, free from the weight of oppressive preexisting debt. A discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect . . . any . . . debt as a personal liability of the debtor" that arose prior to the filing of a petition for relief. 11 U.S.C. § 524(a)(2). The Bankruptcy Code, however, provides that the "fresh start" policy at times must yield to certain exceptions. *Local Loan Co. v. Hunt,* 292 U.S. 234, 244 (1934). A creditor can except from discharge and seek to collect pre-petition debt, if such debt is proven to be of the kind specified in 11 U.S.C. § 523(a). To do so, a creditor must file an adversary proceeding against the debtor requesting a determination of dischargeability. Fed. R. Bank. P. 7001(6).

The procedural rules governing an adversary proceeding generally conform to the Federal Rules of Civil Procedure.[2] The Federal Rules of Civil Procedure mandate certain basic requirements for a complaint that are designed to ensure that fair notice is provided to defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and

---

[2] As such, many Federal Rules of Civil Procedure are made applicable to bankruptcy adversary proceedings under Part VII of the Federal Rules of Bankruptcy Procedure. All references, hereinafter, to a "Rule" refer to the Federal Rules of Civil Procedure.

plain statement showing entitlement to relief and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). When a complaint fails to meet these requirements, it is subject to dismissal.

Rule 12(b)(6) authorizes a defendant to move, before even filing a responsive pleading, for the dismissal of a complaint when the complaint fails to set forth a claim upon which relief can be granted. The purpose of such a motion is to test the formal sufficiency of a complaint and not the substantive merits of a claim. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). Where causes of actions are fatally flawed, dismissal is warranted under Rule 12(b)(6) to spare litigants the burdens of unnecessary pre-trial and trial activity. *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed.Cir. 1993).

The standard by which to determine the sufficiency of a complaint is predicated upon satisfying the notice pleading requirements set forth in Rule 8(a)(2) for showing that the plaintiff is entitled to relief. *City of Clinton v. Pilgrim's Pride Corp.*, 653 F. Supp. 2d 669, 671 (N.D. Tex. 2009)*; In re Bunker Exploration Co.*, 42 B.R. 297, 300 (Bankr. W.D. Okl. 1984). In reviewing the complaint, a court must construe the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well pleaded factual allegations as true. *See Ashcroft v. Iqbal*, − U.S. − , 129 S. Ct. 1937, 1949-50 (2009); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 51 (2d Cir. 1995); *Allen v. Westpoint Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991). The court's inquiry is limited to whether the complaint asserts a legal claim supported by enough factual allegations indicating that the plaintiff has a plausible entitlement to relief under the stated claim.  *See Iqbal*, 129 S. Ct. at 1949-50.

### III.

A claim is more than a theory or assertion on which a court can grant relief. It is defined as "[t]he aggregate of operative facts giving rise to a right enforceable by a court." *Black's Law Dictionary* (8th ed. 2004). A plaintiff's obligation to plead a claim under Rule 8(a)(2) requires more than a blanket assertion of entitlement to relief. *Twombly*, 550 U.S. at 555, n.3. Thus, conclusory allegations or mere speculation about facts that might conceivably establish a claim for relief are insufficient. *See Iqbal*, 129 S. Ct. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nevertheless, detailed factual allegations of every element of a claim are not necessary. *See Notinger v. Costa (In re Robotic Vision Sys.)*, 374 B.R. 36, 43 (Bankr. D.N.H. 2007) ("A plaintiff need not plead sufficient facts to establish a *prima facie* case"). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide some specific factual allegations to give the defendant enough notice of the claim to allow the defendant the ability to frame a responsive pleading. *Twombly*, 550 U.S. at 555, n.3; *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991).

To sustain a claim, therefore, the plaintiff must provide enough factual allegations to have "nudged [the] claims across the line from conceivable to plausible. . . . ." *Twombly*, 550 U.S. at 570. As the United States Supreme Court recently explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 556 (noting enough factual content exists where complaint demonstrates reasonable expectation that discovery will reveal some evidence to support requested relief). Simply put, a complaint should generally contain *some* allegations as to

> what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific

> legal right the plaintiff believes the defendant violated. After all, these are, very basically put, the elements that enable the legal system to get weaving - permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 683 (11th Cir. 2001); *Harker v. Wells Fargo Bank, NA (In re Krause)*, 414 B.R. 243, 258 (Bankr. S.D. Ohio 2009) ("a complaint that alleges that a defendant caused a plaintiff's injury, without explaining how, does not meet the requirements of Rule 8(a) and therefore cannot survive a Rule 12(b)(6) motion").

## IV.

Where, as here, the plaintiff is not represented by counsel, we must evaluate the complaint with heightened sensitivity to ensure the complaint is "construed so as to do justice" as required by Rule 8(e). *In re Henderson*, 2010 WL 411097, at *7 (Bankr. N.D.N.Y. 2010). A complaint drafted by a *pro se* litigant is held to a lower standard than pleadings prepared by an attorney. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, however inartful a *pro se* complaint is drafted, it should be read more liberally. *Id*; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, there are limits to which a court may hold a *pro se* litigant to a less exacting standard. *Goodman v. Mr. Goodbuys of New York Corp., Inc. (In re Mr. Goodbuys of New York Corp., Inc.),* 164 B.R. 24, 27-28 (Bankr. E.D.N.Y. 1994). An incomprehensible complaint that neglects to specify any claims and/or supporting facts is inexcusable. *Cintron-Luna v. Roman-Bultron,* 2009 U.S. Dist. LEXIS 108347, at *7 (D.P.R. 2009). Without either some factual allegations or grounds upon which a claim rests, it is hard to see how a plaintiff could satisfy the requirement of providing fair notice of the nature of the claim. *Twombly*, 550 U.S. at 555, n.3.

In this proceeding, the most generous reading of Mr. Ubriaco's complaint cannot save it from dismissal. To be excepted from discharge, a debt must be shown to fall within one of the subparagraphs specified in Section 523(a) of the Bankruptcy Code. Nowhere in the complaint does Mr. Ubriaco even identify a statutory basis for a finding of nondischargeability. Rather, the text of the complaint is marked by emotion and rambling rhetorical fervor, but lacks any meaningful detail. The complaint is premised upon Mr. Ubriaco's demands that his "status as a creditor seeking justice stand" and that accordingly his "judgment against debtor stand". ECF Docket Number 1.  Mr. Ubriaco is seemingly obsessed with a belief that Ms. Martino is a bad person for not sharing with him the proceeds of the property sale. The complaint, however, does not allege any facts supportive of a claim or even inferring that a claim for relief exists under the Bankruptcy Code.

Throughout the complaint, Mr. Ubriaco complains mightily about being wronged by Ms. Martino's conduct. He states that his sister "abused" him, "willfully defrauded" him and "fraudulently transferred" property.  Mr. Ubriaco, however, fails to allege any facts underlying Ms. Martino's charged misconduct. When considering the lack of any factual content in the complaint in conjunction with the absence of any specifically enumerated subparagraph of Section 523(a), one is unable to fathom the basis of Mr. Ubriaco's request for relief. *See generally Drake v. Ft. Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). Nevertheless, even if the Court assumed that the Complaint was based on either

Section 523(a)(2), (4), or (6), there are just *no* underlying facts pled supportive of fraud, false pretenses, or willful and malicious injury, to establish a claim under one of these subparagraphs.[3]

Mr. Ubriaco bases his complaint wholly on broad conclusory accusations. Most notably, Mr. Ubriaco declares that he was defrauded when Ms. Martino sold the property and retained the proceeds. Although couched as a factual statement, fraud is actually a legal conclusion that must be determined by a court. *See generally Penn-America Ins. Co. v. Himowitz (In re Himowitz)*, 162 B.R. 109, 113 (Bankr. D.N.J. 1993); *In re Sepco, Inc.*, 36 B.R. 279, 287 (Bankr. D.S.D. 1984). Standing alone, such a bald assertion cannot support the culpability requirement needed to prevent a debt from being discharged. *See Twombly*, 550 U.S. at 557 ("a conclusory allegation . . . does not supply facts adequate to show illegality."). The tenet that a court must accept as true all of the allegations of a complaint is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949; *Papasan v. Allain*, 478 U.S. 265, 286 (1986)(stating on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.").

Mr. Ubriaco believes that the State Court decision upon which his judgment is based supports his nondischargeability claim. He is mistaken. The state court decision is anchored upon a finding that Ms. Martino breached the January 3, 2000 agreement with her brother and father that if the property was sold, after giving Ms. Martino credit for certain improvements she made to the property, the sale proceeds would be shared equally between the two siblings. There were no findings by the State Court of fraudulent conduct or tortuous activity by Ms. Martino. A breach of contract or agreement, without more, does not give rise to an exception to discharge under any of the subparagraphs of Section 523(a). *See Hernandez v. Nunez, (In re Nunez)*, 400 B.R. 869, 876 (Bankr. S.D. Fla. 2008); *In re D'Atria*, 128 B.R. 71, 76 (Bankr. S.D.N.Y. 1991)

---

[3] The remaining subparagraphs of Section 523(a) cover categories of debts which do not even remotely encompass Mr. Ubriaco's claim. They cover, among other things, taxes, domestic support obligations, criminal fines or restitution, unscheduled debt, penalties payable to government other than tax penalties, and student loans.

("A breach of contract is not tantamount to fraud."); *Cloyd v. GRP Records (In re Cloyd)*, 238 B.R. 328, 336 (Bankr. E.D. Mich. 1999); *In re Fitzgerald,* 109 B.R. 893, 897 (Bankr. N.D. Ind. 1989); *Tomlin v. Crownover (In re Crownover)*, 417 B.R. 45, 54 (Bankr. E.D. Tenn. 2009); *Businger v. Storer (In re Storer),* 380 B.R. 223, 235 (Bankr. D. Mont. 2007); *Groth Servs. v. McDowell (In re McDowell),* 299 B.R. 552, 555 (Bankr. N.D. Iowa 2003); *Sandak v. Dobrayel (In re Dobrayel)*, 287 B.R. 3, 12 (Bankr. S.D.N.Y. 2002); *Electrolux Fin. Corp. v. Grant (In re Grant)*, 325 B.R. 728, 734 (Bankr. W.D. Ky. 2005).

## V.

Based on all of the foregoing, Ms. Martino's motion to dismiss is granted.

**IT IS SO ORDERED.**

**Dated:** **Brooklyn, New York**
  **April 28, 2010**

                                                                       **s/Jerome Feller**
                                                                       **Jerome Feller**
                                                                       **United States Bankruptcy Judge**